U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

JUL - 2 2013

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| vs. | § | NO. 4:13-CV-222-A |
| | § | (NO. 4:11-CR-151-A-2) |
| SANFORD TAYLOR HOBBS, III | § | |
| | § | |

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Sanford Taylor Hobbs,
III ("movant") pursuant to 28 U.S.C. § 2255 to vacate, set aside,
or correct sentence.  Having reviewed the motion, movant's
memorandum, the record, the government's response, movant's
traverse, and applicable legal authorities, the court concludes
that none of the grounds has merit and the motion should be
denied.

I.

Background

Movant pleaded guilty to one count of conspiracy to defraud
the United States, in violation of 18 U.S.C. § 371.  The United
States Sentencing Guidelines ("USSG") called for a term of
imprisonment of 97 to 121 months; however, the statutory maximum
sentence was 60 months.  Movant's attorney objected to the two-
level sophisticated means enhancement and the three-level

manager/supervisor enhancement that were included in the
guideline calculation.  The court sentenced movant to the 60-
month statutory maximum, while noting that, under a consideration
of the factors under 18 U.S.C. § 3553(a), movant's conduct would
have justified a considerably longer sentence.  Movant was also
sentenced to a three-year term of supervised release, and ordered
to make full restitution in the amount of $4,157,492.69.  The
court entered judgment on April 6, 2012, and movant did not
appeal.  Movant timely filed his section 2255 motion on March 18,
2013.

From approximately 2005-2009, movant was an owner and
operator along with his wife, Crystal La Von Mason-Hobbs
("Crystal"), of a tax preparation business called CMH Enterprise
a.k.a. CMH Tax and Notary Service ("CMH").  In the scheme,
movant, Crystal, and their employees prepared and filed hundreds
of fraudulent tax returns, which resulted in a loss of more than
$4,200,000.00 to the United States Treasury.  Movant and his
conspirators also took advantage of return anticipation loans
("RAL") being offered by banks.  Once the RALs were approved, the
banks deducted tax preparation fees from the RAL funds and
deposited the fees into movant's account.  The loan funds were
given to the clients in debit card form, and movant, Crystal, or

their employees accompanied the clients to the ATMs and demanded excess fees from the clients.  The fees were deposited into movant's account, and movant and Crystal retained all of the profits from the excess fees.

## II.

### Grounds of the Motion

Movant identified five grounds for relief in her motion: (1) the intended tax loss was improperly calculated, causing movant's sentence to be procedurally unreasonable; (2) the charges in the indictment against him are barred by the statute of limitations; (3) counsel was ineffective for failing to object to the court's application of certain sections of USSG; (4) the court made additional errors in calculating movant's sentence; and (5) information that was not charged in the indictment was used in his sentencing.  Mot. at 5-9, 11.  These grounds essentially fall into three claims: (1)  errors in sentencing calculations; (2) statute of limitations; and (3) ineffective assistance of counsel.

## III.

### Analysis

A.   Legal Standard for 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

3

fairly and finally convicted.  <u>United States v. Frady</u>, 456 U.S. 152, 164 (1982); <u>United States v. Shaid</u>, 937 F.2d 228, 231-32 (5th Cir. 1991), <u>cert. denied</u>, 502 U.S. 1076 (1992).  A defendant can challenge her conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for her procedural default and "actual prejudice" resulting from the errors.  <u>Shaid</u>, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors.  It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice.  <u>United States v. Capua</u>, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981).  In other words, a writ of habeas corpus will not be allowed to do service for an appeal. <u>Davis v. United States</u>, 417 U.S. 333, 345 (1974).  Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack."  <u>Moore v. United States</u>, 598 F.2d 439, 441 (5th Cir. 1979) (citing <u>Buckelew v. United States</u>, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.    Sentencing Calculation Claims

Movant contends that his sentence was improperly calculated because the court erred in determining the loss to the government, claiming that the basis for the calculation was too "speculative."  Mot. at 5; memo. at 3.  Movant also contends that there was plain error at sentencing because "there was nothing placed in writing for reasons under § 3553(a)," and because certain enhancements should not have been applied to movant.  Mot. at 9.

Movant's claim is not cognizable in collateral proceedings, and also lacks merit.  First, movant failed to raise the issue of sentencing calculations on direct appeal, and is procedurally barred from raising the issue on collateral review unless he can show both cause and prejudice.  Shaid, 937 F.2d at 232.  "Section 2255 motions may raise only constitutional errors and other injuries that could not have been raised on direct appeal that will result in a miscarriage of justice if left unaddressed," and misapplications of the sentencing guidelines are not cognizable on collateral review.  United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999); United States v. Segler, 37 F.3d 1131, 1134 (5th Cir. 1994).

Movant does not explain why he did not raise the issue of sentencing calculations in a direct appeal, nor does he show that

there was an error that actually prejudiced him.  He claims that
the tax loss calculation was speculative, and the government
failed to support the calculation with reliable and specific
evidence.  The USSG commentary specifically states that "the
amount of the tax loss may be uncertain; the guidelines
contemplate that the court will simply make a reasonable estimate
based on the available facts."  USSG § 2T1.1, cmt. n.1; United
States v. Simmons, 420 F. App'x 414, 417-18 (5th Cir. 2011).  Tax
loss may be found by the preponderance of the evidence, and
movant provides nothing that can show that the tax loss was not
properly calculated.  See United States v. Phelps, 478 F.3d 680,
681-82 (5th Cir. 2007).  Movant's bald assertion that the tax
loss calculations included lawful activity or are too speculative
do not prove that there was actual prejudice.

Movant also seems to argue that because the loss amount was
not included in the indictment or the factual resume in his case,
there was a violation under either Apprendi v. New Jersey, 530
U.S. 466 (2002) or United States v. Booker, 543 U.S. 220 (2005).
However, there is no Apprendi violation because the tax loss
calculation did not result in a sentence in excess of the
statutory maximum.  See United States v. Loe, 262 F.3d 427, 437
(5th Cir. 2001).  There is also no Booker violation, as a "court
[does] not commit error under Booker by finding the facts

6

relevant to the determination of [a defendant's] advisory

guidelines range." <u>United States v. Harris</u>, 213 F. App'x 286,

287 (5th Cir. 2007); <u>United States v. Johnson</u>, 445 F.3d 793, 797-

98 (5th Cir. 2006).  Thus, movant shows neither the cause nor the

actual prejudice that is required to sustain this claim, and such

claim should be dismissed.

C.    <u>Statute of Limitations Claim</u>

     Movant contends that the statute of limitations for his

offense is five years, and that five of the six overt acts

contained in his indictment were outside of the statute of

limitations.  He also contends that the statute of limitations is

jurisdictional, and, therefore, the court did not have

jurisdiction over the above-described five charges.  The

government responds by arguing that (1) the statute of

limitations is not jurisdictional, but is an affirmative defense

that movant waived; (2) movant failed to raise the issue on

direct appeal; (3) the conspiracy was uninterrupted and continued

into the limitations period; and (4) the statute of limitations

is six years, not five years as movant had claimed.

     The statute of limitations is an affirmative defense, and,

therefore, "the defendant must affirmatively assert a limitations

defense at trial to preserve it for appeal." <u>United States v.</u>

<u>Arky</u>, 938 F.2d 579, 582 (5th Cir. 1991) (holding that a criminal

defendant who had failed to raise and develop a statute of limitations defense was precluded from doing so on appeal). In addition, a statute of limitations defense is deemed waived when a defendant enters a voluntary and unconditional plea of guilty, as movant did in this case. See United States v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008); Acevedo-Ramos v. United States, 961 F.2d 305, 308-09 (1st Cir. 1992). Thus, movant waived the statute of limitations defense by failing to raise it at the trial level.

Movant also failed to raise the statute of limitations issue on direct appeal, and a § 2255 motion is not a substitute for an appeal. Shaid, 937 F.2d at 232. For this issue to be cognizable in collateral proceedings, movant must show cause for his procedural default and actual prejudice resulting from the error, and he can show neither. As for cause, by failing to raise the issue at trial, movant may argue that he would have been precluded from raising it on appeal; however, "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." Bousley v. United States, 523 U.S. 614, 623 (1998) (quoting Engle v. Isaac, 456 U.S. 107, 130 (1982)).

Regardless of a showing of cause, movant fails to show that he was prejudiced, which requires that if the error were

8

condoned, the result would be a "complete miscarriage of
justice." <u>Shaid</u>, 937 F.2d at 232, n.7.  Movant cannot even show
that an error occurred, much less an error resulting in a
miscarriage of justice.  Movant argues that the conspiracy
stopped after tax season each year when he engaged in lawful
business practices, that each year would have been a separate
conspiracy for limitations purposes, and, therefore, only the
fraudulent tax returns filed in 2007 and later fell within the
applicable limitations period.  Movant is mistaken, however, as
"[t]he limitations period runs from the last overt act of the
conspiracy alleged in the indictment and proved at trial."
<u>United States v. Mann</u>, 161 F.3d 840, 856 (5th Cir. 1998).  Even
if a conspiracy began outside of the limitations period, the
indictment is timely if an overt act was committed within the
limitations period.  <u>United States v. Ely</u>, 140 F.3d 1089, 1090
(5th Cir. 1998).  The indictment, filed October 12, 2011, states
that overt acts occurred on in January 2008 and January 2009,
showing that the indictment was timely.

In addition, simply because movant conducted other business
between tax seasons, does not mean the conspiracy ceased, as
"[m]ere cessation of activity in furtherance of the conspiracy is
not sufficient to show withdrawal," and movant "is presumed to
continue his involvement in the conspiracy unless he makes a

substantial affirmative showing of withdrawal, abandonment, or defeat of the conspiratorial purpose." United States v. Heard, 709 F.3d 413, 427-28 (5th Cir. 2013). Movant has not shown that he ever withdrew from or abandoned his role in the conspiracy, as, each year, he continued engaging in the conspiracy. Finally, while movant contends that the statute of limitations is five years, the correct statute of limitations is actually six years. See id. at 427 ("The statute of limitations for conspiracy to defraud the United States in violation of 18 U.S.C. § 371, the offense for which [movant] was charged, is six years 'where the object of the conspiracy is to attempt in any manner to evade or defeat any tax or the payment thereof.'") (quoting 26 U.S.C. § 6531(8)). Thus, movant's claim that the statute of limitations had run on five of his six counts is meritless, and should be dismissed.

D.   Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show (1) that counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). Both prongs of the Strickland test must be met to demonstrate ineffective

10

assistance.  <u>Id.</u> at 697.  Further, "[a] court need not address
both components of an ineffective assistance of counsel claim if
the movant makes an insufficient showing on one." <u>United States</u>
<u>v. Stewart</u>, 207 F.3d 750, 751 (5th Cir. 2000).  "The likelihood
of a different result must be substantial, not just conceivable,"
<u>Harrington v. Richter</u>, 131 S. Ct. 770, 792 (2011), and a movant
must prove that counsel's errors "so undermined the proper
functioning of the adversarial process that the trial cannot be
relied on as having produced a just result." <u>Cullen v.</u>
<u>Pinholster</u>, 131 S. Ct. 1388, 1403 (2011) (quoting <u>Strickland</u>, 466
U.S. at 686)).  Judicial scrutiny of this type of claim must be
highly deferential and the defendant must overcome a strong
presumption that his counsel's conduct falls within the wide
range of reasonable professional assistance. <u>Strickland</u>, 466
U.S. at 689.

Movant contends that his attorney was ineffective for (1)
failing to raise the statute of limitations defense and to argue
that the tax loss should have been limited because of the statute
of limitations; and (2) failing to object to the sentencing
enhancements for using a sophisticated means and being a manager
or supervisor of a criminal activity.  First, as has been
discussed above, <u>supra</u> III.C, movant's conduct fell within the
applicable statute of limitations, and raising such a defense

11

would have been meritless.  It is well-settled that "[c]ounsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim."  Smith v. Puckett, 907 F.2d 581, 585 (5th Cir. 1990).  Second, contrary to movant's assertions, his attorney objected to the enhancements, both in response to movant's presentence report and at movant's sentencing hearing,  and the court overruled the objections. Sentencing Tr. at 4-5.  Movant provides nothing that can show his attorney failed to make a proper objection, or that his attorney's arguments were deficient, and, accordingly, he fails to show that his attorney's actions were not objectively reasonable.

IV.

Order

Therefore,

The court ORDERS that the motion of Sanford Taylor Hobbs, III to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

12

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

     SIGNED July 2, 2013.

JOHN McBRYDE
United States District Judge